**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 07-20006-02-KHV |
| JAMES Z. HENRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion For Withdrawal Of Guilty Plea</u> (Doc. #88) filed September 29, 2010, which the Court construes as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody.[1] For reasons set forth below, the Court overrules defendant's motion.

## Factual Background

On February 1, 2007, the grand jury returned an indictment which charged defendant with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count 1), and three counts of distribution of 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Counts 2-4). Jessica J.

---

[1] The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. <u>See</u> <u>United States v. Apodaca</u>, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004). In this case, however, the one-year deadline under Section 2255 expired on the day defendant filed his motion. Because defendant cannot timely assert any other initial Section 2255 motion absent a specific statutory exception, he is not prejudiced if the Court construes his present motion under Section 2255.

Travis originally represented defendant. On December 18, 2007, the Court sustained Ms. Travis' motion to withdraw as counsel. Doc. #44. The Court then appointed R. Bruce Kips as defense counsel, and Mr. Kips represented defendant throughout the remaining proceedings.

On May 5, 2008, defendant pled guilty to conspiracy to Count 1. See Doc. #50. During the plea hearing, the Court fully explained to defendant that the Court would sentence him to at least ten years in prison and possibly as long as life in prison. See Doc. #79 at 8. The Court also explained that until the presentence report was complete, no one could tell defendant for certain what kind of sentence he was looking at under the guidelines, and that the guidelines are not binding on the Court. Mr. Kips indicated that based on the information he had at the time, the likely guideline range would be "151 months . . . on the low end, 188 on the top." Id. at 18.

The Presentence Investigation Report included the mental health diagnosis of Axis I - Learning Disorder and Axis II - Dependent Personality Disorder. It also stated that defendant cannot read or write, has a poor memory and reportedly has received social security disability payments since childhood. The PSIR also indicated that defendant completed ninth grade and had a GPA of 1.083 when he quit school.

The PSIR calculated a total offense level of 35 and a criminal history category of VI, with a guideline range of 292 to 365 months in prison.[2] At the sentencing hearing on September 29, 2009, defense counsel noted that when he had estimated the sentencing range at the plea hearing, he did not know that defendant's criminal threat conviction would render defendant a career

---

[2] As for the impact of the plea agreement, the PSIR noted that the government agreed not to recommend an enhancement under 21 U.S.C. § 851. A Section 851 enhancement would have resulted in a mandatory term of life imprisonment without release.

offender. That designation raised defendant's criminal history to a category VI, with a dramatic increase in the guideline range. Defense counsel also noted that he had initially requested a variance to a sentence of 121 months or less. See Doc. #81 at 28. Mr. Kips acknowledged, however, that as part of the plea agreement, defendant had specifically agreed not to request a sentence below the low end of the guidelines range. See Doc. #50 at 11. Counsel therefore withdrew the request for a variance. The government then asked for an additional reduction for acceptance of responsibility, which brought the guideline range to 262-327 months, and the Court sentenced defendant to 262 months in prison. See Docs. ## 83, 84.

In his motion, defendant alleges that counsel was ineffective because he incorrectly informed defendant that his maximum sentence would be 135 months and failed to investigate defendant's mental problems as possible mitigating factors. He also asserts that his plea was not knowing and voluntary because he relied upon counsel's incorrect information as to the likely sentence.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Since defendant entered a plea of guilty, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." See United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) (quoting United States v. Broce, 488 U .S. 563, 569 (1989)).

**I.     Ineffective Assistance Of Counsel**

A.     Advice On Maximum Sentence

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant argues that Mr. Kips was ineffective during plea negotiations because he led defendant to believe that the maximum guideline sentence would be 135 months. Even assuming that Mr. Kips so informed defendant, such advice does not constitute ineffective assistance.[3] A "miscalculation or erroneous sentence estimation" by defense counsel is not constitutionally

---

[3] At the plea hearing, Mr. Kips indicated that based on the information he had at the time, the guideline range would be "151 months . . . on the low end, 188 on the top." Doc. #79 at 18. The Court then asked defendant "is that an accurate summary [of] what your attorney has explained to you about where you might fall under the guidelines?" Defendant responded, "Yes, ma'am." Id.

deficient performance. United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993); see United States v. Kutilek, No. 07-3275, 2008 WL 109343, at *5 (10th Cir. Jan. 11, 2008); United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988).

Furthermore, defendant did not suffer prejudice from counsel's alleged prediction because at the plea hearing, the Court fully explained that he would receive a sentence of at least ten years and possibly as long as life in prison. See Doc. #79 at 8. The Court also explained that until the presentence report was complete, no one could tell defendant for certain what kind of sentence he was looking at under the guidelines, and that the guidelines are not binding on the Court. Doc. #79 at 19-22. See Gordon, 4 F.3d at 1571 (no prejudice from attorney miscalculation because court explained that its calculation could differ from attorney's calculation and that it would consider factual data relating to any counts dismissed or about to be dismissed); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation not prejudicial where court explained that it retained discretion to determine sentence).

Even if defense counsel misinformed defendant about the likely sentence, defendant has not shown a reasonable probability that but for his misunderstanding, the results of the proceeding would have been different, i.e. that he would not have agreed to plead guilty. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

B.  Failure To Investigate And Raise Mental Health Background As A Mitigating Factor

Defendant asserts that counsel's performance was deficient because he did not fully

investigate defendant's mental health issues.[4]  Defendant also asserts that counsel was ineffective because at sentencing he did not argue defendant's mental health issues, including low mental ability and bipolar disorder, as mitigating factors.

Defendant has not shown that Mr. Kip's performance was deficient or that additional argument concerning defendant's learning disorder and mental health issues would have impacted defendant's sentence.  The PSIR noted defendant's memory problems and illiteracy, his diagnosis of Axis I - Learning Disorder and Axis II - Dependent Personality Disorder and his receipt of social security disability payments since childhood.  Although Mr. Kips initially objected to the PSIR guideline range of 292 to 365 months and requested a variance to 121 months based in part on defendant's disability, he later withdrew the request under the plea agreement, because defendant agreed to not request a sentence below the low end of the guidelines range.  See Doc. #50 at 11.  Defendant has not shown that Mr. Kip's performance in this regard was deficient.

## II.     Voluntariness Of Plea

Defendant argues his plea was not voluntary because defense counsel drastically underestimated his potential sentence.  As noted, at the change of plea hearing, defense counsel estimated that the sentencing range would be 151-188 months, but at sentencing the parties agreed that the guideline range was actually 262-327 months and the Court sentenced defendant to 262 months.

An erroneous sentence estimate by defense counsel does not render a plea involuntary.  See

---

[4] To the extent that defendant asserts that counsel failed to investigate mental health issues when counseling defendant whether to enter a guilty plea, defendant has not argued that he would have chosen not to plead guilty if counsel had done so.  Therefore he cannot show the required prejudice.

United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005); see also Gordon, 4 F.3d at 1570-71 (miscalculation or erroneous sentence estimate not constitutionally deficient performance). Likewise, even if defendant assumed that his sentence would be in a certain guideline range, based on comments at the plea hearing, his erroneous expectation does not render his plea involuntary. Defendant cannot blindly rely on the estimated sentencing range and ignore other cautionary statements in the plea colloquy. See United States v. Bierd, 217 F.3d 15, 21 (1st Cir. 2000) (defendant's reliance on sidebar comment misplaced in context of entire plea colloquy). Furthermore, the Court explained that it could sentence defendant to up to life in prison and that until the presentence report was complete, no one could tell him for certain what his sentencing range under the guidelines would be. Finally, the plea petition and plea agreement explicitly stated that defendant faced a maximum punishment of life in prison. See United States v. Landshaw, 206 Fed. Appx. 773, 775-76 (10th Cir. 2006), Silva, 430 F.3d at 1099; Gordon, 4 F.3d at 1571. Defendant's alleged reliance on an estimated maximum sentence of 135 months is not supported by the record and does not establish a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. Based on the plea petition, the plea agreement and the Rule 11 colloquy, the Court finds that defendant's plea was counseled, knowing and voluntary.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory

allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing required if petitioner's allegations, if proved, would entitle him to relief and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Withdrawal Of Guilty Plea (Doc. #88) filed September 29, 2010 which the Court construes as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody be and hereby is **OVERRULED.**

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 14th day of January, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge