**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CRIMINAL ACTION |
| v.   ) | |
| ) | No. 07-20006-02-KHV |
| JAMES Z. HENRY,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On September 29, 2009, the Court sentenced defendant to 262 months in prison. Defendant did not appeal. On January 14, 2011, the Court overruled defendant's Motion For Withdrawal Of Guilty Plea (Doc. #88), which the Court construed as a motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #90). This matter is before the Court on defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014.

Defendant is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) is only relevant to the extent that defendant challenges the Court's ruling on his Section 2255 motion. United States v. Jones, 550 F. App'x 667, 668-69 (10th Cir. 2013). Defendant does not assert any such error.[1] Although defendant brings his motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, he really seeks relief under Section 2255, which governs cases by federal prisoners who claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255; see United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not

---

[1] Even if defendant's motion challenged the Court's ruling on his prior motion, it would be untimely because defendant did not file it within a reasonable time under Rule 60(b)(6), Fed. R. Civ. P.

pleading's title, determines whether pleading is Section 2255 motion). The Court therefore construes defendant's present motion as a motion under 28 U.S.C. § 2255.

Because the Court did not advise defendant before it treated his motion to withdraw plea (Doc. #88) as a Section 2255 motion, the Court evaluates defendant's present motion as his initial motion under Section 2255. See United States v. Angulo-Lopez, 575 F. App'x 827, 828 (10th Cir. 2014) (district court must consider merits of Section 2255 motion where it recharacterized original filing as Section 2255 motion). In the interest of justice, the Court directs the parties to file briefs which are limited to the issue of potential procedural bars to defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may *sua sponte* raise and enforce procedural bar if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice). In particular, defendant's present claims appear to be barred because they are not timely.[2] A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. DeClerck, 252 F. App'x 220, 224 (10th Cir. 2007) (district courts "permitted, but not obliged" to review *sua sponte* whether Section 2255 motion timely filed); United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by defense warrant it).

---

[2] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Court entered judgment on September 29, 2009. See Judgment In A Criminal Case (Doc. #84). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later, on October 13, 2009.

**IT IS THEREFORE ORDERED** that on or before May 20, 2015, the government shall file a brief on the issue whether defendant's **Motion Pursuant To Rule 60(b)(6)** (Doc. #91) filed November 10, 2014 is procedurally barred.  On or before June 30, 2015, defendant may file a response brief which is limited to that issue.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge