## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 07-20006-02-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| JAMES Z. HENRY, | ) | **No. 15-7617-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On September 29, 2009, the Court sentenced defendant to 262 months in prison.  Defendant did not appeal.  On January 14, 2011, the Court overruled defendant's Motion For Withdrawal Of Guilty Plea (Doc. #88), which the Court construed as a motion under 28 U.S.C. § 2255.  See Memorandum And Order (Doc. #90).  This matter is before the Court on defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014, which the Court also construes as a motion under 28 U.S.C. § 2255.  For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

### Factual Background

On February 1, 2007, the grand jury returned an indictment which charged defendant with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count 1), and three counts of distribution of five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Counts 2-4).  Jessica J. Travis originally represented defendant.  On December 18, 2007, the Court allowed Travis to withdraw as counsel.  Doc. #44. The Court then appointed R. Bruce Kips, who represented defendant throughout the remaining proceedings.

On May 5, 2008, defendant pled guilty to conspiracy as charged in Count 1.  See Doc. #50. During the plea hearing, the Court fully explained to defendant that the Court would sentence him to at least ten years in prison and possibly as long as life in prison.  See Transcript: Change Of Plea (Doc. #79) at 8.  Kips indicated that based on the information he had at the time, the likely guideline range would be "151 months . . . on the low end, 188 on the top."  Id. at 18.  The Court also explained that until the presentence report was complete, no one could tell defendant for certain what kind of sentence he was looking at under the guidelines, and that the guidelines are not binding on the Court.  See id. at 19-22

The Presentence Investigation Report ("PSIR") (Doc. #81) calculated a total offense level of 35 and a criminal history category of VI, with a guideline range of 292 to 365 months in prison.[1] At the sentencing hearing on September 29, 2009, defense counsel noted that when he had estimated the sentencing range at the plea hearing, he did not know that defendant would qualify as a career offender based in part on a criminal threat conviction.  That designation raised defendant's criminal history to a category VI, with a dramatic increase in the guideline range.[2]  Defense counsel also noted that he had initially requested a variance to a sentence of 121 months or less.  See Doc. #81 at 28.  Kips acknowledged, however, that as part of the plea agreement, defendant had specifically

---

[1]     The PSIR noted that under the plea agreement, the government agreed not to recommend an enhancement under 21 U.S.C. § 851.  Such an enhancement would have resulted in a mandatory term of life in prison without release.

[2]     The PSIR erroneously added one criminal history point for a "prior sentence resulting from a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence."  U.S.S.G. § 4A1.1(f).  Because the relevant conviction (sale of cocaine on August 15, 2002) is not a crime of violence, no additional criminal history points should have been added under U.S.S.G. § 4A1.1(f).  Even so, this error was immaterial because defendant's criminal history category was determined based on his classification as a career offender.

-2-

agreed not to request a sentence below the low end of the guidelines range.  See Doc. #50 at 11.
Counsel therefore withdrew the request for a variance.  The government then asked for an additional
reduction for acceptance of responsibility, which brought the guideline range to 262 to 327 months,
and the Court sentenced defendant to 262 months in prison.

In his prior Motion For Withdrawal Of Guilty Plea (Doc. #88), defendant alleged that counsel
was ineffective because he incorrectly informed defendant that his maximum sentence would be
135 months and failed to investigate defendant's mental problems as possible mitigating factors.
He also asserted that his plea was not knowing and voluntary because he relied upon counsel's
incorrect information as to the likely sentence.  On January 14, 2011, the Court overruled
defendant's motion to withdraw his plea, which the Court construed as a motion under 28 U.S.C.
§ 2255.  See Memorandum And Order (Doc. #90).

Liberally construed, defendant's present motion (Doc. #91) alleges that (1) he did not
knowingly and voluntarily enter into the plea agreement because Kips did not adequately explain
the impact of defendant's prior conviction for criminal threat and (2) Kips did not effectively object
to the career offender enhancement under the sentencing guidelines.

## Analysis

Defendant is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil
Procedure.  Rule 60(b)(6) is only relevant to the extent that defendant challenges the Court's ruling
on his first Section 2255 motion.  United States v. Jones, 550 F. App'x 667, 668-69 (10th Cir. 2013).
Defendant does not assert any such error.[3]  Although defendant brings his motion under

---

[3]      Even if defendant's motion challenged the Court's ruling on his prior motion, it
would be untimely because defendant did not file it within a reasonable time under Rule 60(b)(6),
(continued...)

Rule 60(b)(6) of the Federal Rules of Civil Procedure, he really seeks relief under Section 2255, which governs cases by federal prisoners who claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255; see United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading title, determines whether pleading is Section 2255 motion). The Court therefore construes defendant's present motion as a motion under 28 U.S.C. § 2255.

Because the Court did not advise defendant before it treated his motion to withdraw plea (Doc. #88) as a Section 2255 motion, the Court evaluates defendant's present motion as his initial motion under Section 2255. See Memorandum And Order (Doc. #92) (citing United States v. Angulo-Lopez, 575 F. App'x 827, 828 (10th Cir. 2014) (district court must consider merits of Section 2255 motion where it recharacterized original filing as Section 2255 motion)). On April 27, 2015, the Court directed the parties to file briefs on potential procedural bars to defendant's motion including the timeliness of the motion.

The government contends that defendant's motion is procedurally barred as an initial Section 2255 motion because it is untimely. See Government's Response (Doc. #94-1) filed May 14, 2015 at 4. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[4] If a defendant does not file a direct

---

[3](...continued)
Fed. R. Civ. P.

[4]      The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental
(continued...)

-4-

appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Court entered judgment on September 29, 2009. See Judgment In A Criminal Case (Doc. #84). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later, on October 13, 2009. Therefore defendant had until October 13, 2010 to file a motion to vacate under Section 2255.

Defendant filed his present motion, which the Court considers as his initial Section 2255 motion, on November 10, 2014 – some four years after the statutory deadline. Defendant asserts that he is entitled to equitable tolling of the statutory deadline because he is actually innocent of the career offender enhancement. See Traverse Response To Government's Motion To Dismiss And Why Relief Should Be Granted (Doc. #95) filed June 4, 2015 at 2. Under certain circumstances a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling available only in rare and exceptional circumstances such as when prisoner "actually innocent"). Actual innocence in this regard means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S.

---

[4](...continued)
action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

614, 623 (1998); see Sawyer v. Whitley, 505 U.S. 333, 339 (1992).  To establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see United States v. Starr, 275 F. App'x 788, 789 (10th Cir. 2008).  To be credible, a claim of actual innocence ordinarily must be supported with new reliable evidence such as exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence.  See Schlup, 513 U.S. at 324.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.  Id.

Here, defendant asserts that he is actually innocent of the career offender enhancement to his sentence.  The Tenth Circuit has held that a defendant cannot be actually innocent of a noncapital sentence.  See Angulo-Lopez, 575 F. App'x at 829; Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2012); Collins v. Ledezma, 400 F. App'x 375, 376 (10th Cir. 2010); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (to satisfy "fundamental miscarriage of justice" exception, defendant must show innocence of offense for which he was convicted, not innocence of higher sentence).  In addition, the actual innocence exception does not apply in this case because defendant only challenges the *legal* classification of his prior offense, not his *factual* innocence of the offense in either case.  See McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011) (actual innocence of sentence exception in context of habitual offender provisions applies only where challenge to eligibility stems from *factual* innocence of predicate crime, not from *legal* classification of predicate crime); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (same); United States v. Robinson, No. 10-40037-RDR, 2013 WL 5874012, at *3 (D. Kan. Oct. 30, 2013) (to show factual innocence of career offender enhancement, defendant must show factual innocence of prior

qualifying conviction).

Defendant's claims of ineffective assistance of counsel also lack substantive merit. Defendant first alleges that he did not knowingly and voluntarily enter into the plea agreement because Kips did not adequately explain the impact of defendant's prior conviction for criminal threat. In overruling defendant's motion to withdraw plea on similar grounds, the Court stated as follows:

> An erroneous sentence estimate by defense counsel does not render a plea involuntary. See United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005); see also [United States v.] Gordon, 4 F.3d [1567,] 1570-71 [(10th Cir. 1993)] (miscalculation or erroneous sentence estimate not constitutionally deficient performance). Likewise, even if defendant assumed that his sentence would be in a certain guideline range, based on comments at the plea hearing, his erroneous expectation does not render his plea involuntary. Defendant cannot blindly rely on the estimated sentencing range and ignore other cautionary statements in the plea colloquy. See United States v. Bierd, 217 F.3d 15, 21 (1st Cir. 2000) (defendant's reliance on sidebar comment misplaced in context of entire plea colloquy). Furthermore, the Court explained that it could sentence defendant to up to life in prison and that until the presentence report was complete, no one could tell him for certain what his sentencing range under the guidelines would be. Finally, the plea petition and plea agreement explicitly stated that defendant faced a maximum punishment of life in prison. See United States v. Landshaw, 206 Fed. Appx. 773, 775-76 (10th Cir. 2006), Silva, 430 F.3d at 1099; Gordon, 4 F.3d at 1571. Defendant's alleged reliance on an estimated maximum sentence of 135 months is not supported by the record . . . . Based on the plea petition, the plea agreement and the Rule 11 colloquy, the Court finds that defendant's plea was counseled, knowing and voluntary.

Memorandum And Order (Doc. #90) at 6-7. For these reasons, the Court finds that defendant knowingly and voluntarily entered his plea and that counsel's alleged failure to explain the impact of defendant's prior conviction for criminal threat was not deficient or prejudicial.[5]

---

[5]   In particular, the Court notes that any potential claim that defendant would have proceeded to trial is highly suspect because as part of the plea agreement, the government agreed not to recommend an enhancement under 21 U.S.C. § 851, which would have resulted in a
(continued...)

Defendant next complains that Kips did not effectively object to the career offender enhancement under the sentencing guidelines. The PSIR outlines that for purposes of the career offender provisions, defendant had three potential qualifying convictions: criminal threat on June 30, 2002, sale of cocaine on August 5, 2002 and sale of cocaine on August 15, 2002. See PSIR ¶¶ 67-69. Defendant asserts that counsel should have argued that (1) the three prior convictions counted as one because the Leavenworth County District Court sentenced him to concurrent sentences on the three offenses and imposed the sentences on the same day, (2) the criminal threat conviction was not a felony because he received a sentence of 12 months and (3) the criminal threat conviction was not a crime of violence. The Sentencing Guidelines define a "career offender" as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2008).

As noted, defendant claims that counsel should have argued that the three prior convictions counted as one because the Leavenworth County District Court sentenced him to concurrent sentences on the three offenses on the same day. See Motion Pursuant To Rule 60(b)(6) (Doc. #91) at 2, 6, 14-15. Under Section 4A1.2 of the Sentencing Guidelines, prior sentences are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest, i.e. if defendant was arrested for the first offense before committing the second offense. U.S.S.G. § 4A1.2(a)(2). If an arrest does not separate the two offenses, the sentences on the two offenses are

_____

[5](...continued)
mandatory prison term of life.

counted as a single sentence if the sentences resulted from offenses contained in the same charging instrument or the sentences were imposed on the same day.  Id.  Applying Section 4A1.2, defendant has two qualifying convictions for purposes of the career offender enhancement: criminal threat on June 30, 2002 and sale of cocaine on August 5, 2002.  See U.S.S.G. § 4B1.2(c) ("two prior felony convictions" means sentences for at least two enumerated convictions counted separately under Section 4A1.1(a), (b), or (c)).  Defendant was not arrested for the sale of cocaine on August 5, 2002 until after he committed the offense on August 15, 2002.  Therefore, the Court does not consider the conviction for sale of cocaine on August 15, 2002 as a third qualifying conviction.  See PSIR (Doc. #81) ¶ 69.  Defendant has not alleged facts which would show the absence of an intervening arrest between the criminal threat on June 30, 2002 and the sale of cocaine on August 5, 2002.  Because defendant still had two qualifying felony offenses, the Court properly applied the career offender enhancement.  Accordingly, defendant has not shown that Kips' failure to argue that the three convictions should count as one was deficient or prejudicial.

Defendant also asserts that counsel should have argued that the criminal threat conviction was not a felony because his prison sentence was not more than one year.  Motion Pursuant To Rule 60(b)(6) (Doc. #91) at 3, 15, 29, 31; Traverse Response To Government's Motion To Dismiss And Why Relief Should Be Granted (Doc. #95) at 3.  The Tenth Circuit has held that in determining whether a prior offense qualifies as a felony under the career offender provision, "the maximum amount of prison time a particular defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received."  United States v. Brooks, 751 F.3d 1204, 1213 (10th Cir. 2014).  Even though the Leavenworth County District Court sentenced defendant to 12 months, he could have received up to 13 months in prison under the Kansas

Sentencing Guidelines.  <u>See</u> Kansas Sentencing Guidelines Journal Entry Of Judgment, attached as

page 73 to <u>Motion Pursuant To Rule 60(b)(6)</u> (Doc. #91) (presumptive sentencing range of 11 to

13 months for severity level IX, criminal history category C); K.S.A. § 21-319 (2007) (criminal

threat severity level IX felony, person offense).  Because defendant's maximum sentence under the

Kansas presumptive guideline range was greater than one year, the criminal threat conviction counts

as a felony for purposes of the career offender guideline.  <u>See</u> <u>Brooks</u>, 751 F.3d at 1210-11, 1213.

Accordingly, counsel's failure to raise this issue was not deficient or prejudicial.  Finally, defendant

alleges that counsel should have argued that the criminal threat conviction was not a "crime of

violence" under the career offender guideline.  <u>Motion Pursuant To Rule 60(b)(6)</u> (Doc. #91) at 2,

4; <u>Traverse Response To Government's Motion To Dismiss And Why Relief Should Be Granted</u>

(Doc. #95) at 2, 4-5.  In particular, defendant claims that the Court should have used the modified

categorical approach and evaluated the underlying criminal conviction documents as set forth in

<u>Shepard v. United States</u>, 544 U.S. 13 (2005), to determine whether defendant's conviction was a

"crime of violence."  <u>Motion Pursuant To Rule 60(b)(6)</u> (Doc. #91) at 4-5, 23-25, 32.  Under the

modified categorical approach outlined in <u>Shepard</u>, the Court may consider "the terms of the

charging document, the terms of a plea agreement or transcript of colloquy between judge and

defendant in which the factual basis for the plea was confirmed by the defendant, or to some

comparable judicial record of this information."  <u>Shepard</u>, 544 U.S. at 26.  The purpose of the

inquiry is to determine the elements of the crime, not to identify what the defendant actually did.

<u>United States v. Wright</u>, 567 F. App'x 564, 568 (10th Cir. 2014) (citing <u>Descamps v. United States</u>,

133 S. Ct. 2276, 2283-86 (2013)).  Even if the Court assumes that counsel should have raised such

an objection, defendant has not shown prejudice, <u>i.e.</u> a reasonable probability that the Court would

have not applied the career offender enhancement if counsel had made the objection. <u>Strickland</u>, 466 U.S. at 694. In particular, if counsel had objected under <u>Shepard</u>, the government still would have had the opportunity to establish that defendant was convicted of a "crime of violence" under the modified categorical approach. Defendant has not shown that an inquiry into the relevant documents underlying his criminal threat conviction would have revealed that his conviction was not a crime of violence. Accordingly, defendant cannot establish prejudice from counsel's failure to argue that defendant's criminal threat conviction was not a "crime of violence."

For reasons stated above, the Court finds that defendant's motion under Rule 60(b)(6), which the Court construes as a motion under 28 U.S.C. § 2255, is untimely and lacks substantive merit.

### Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Kilpatrick</u>, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

-11-

constitutional right.  28 U.S.C. § 2253(c)(2).[6]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above, the Court finds that defendant has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014, which the Court also construes as defendant's initial motion to vacate his sentence under 28 U.S.C. § 2255, be and hereby is **OVERRULED**.  A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Letter Of Inquiry (Doc. #93) filed May 14, 2015, which was docketed as a motion to expedite ruling, be and hereby is **OVERRULED as moot**.

Dated this 14th day of September, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[6]       The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).