**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 07-20006-02-KHV |
| | ) | |
| JAMES Z. HENRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On September 14, 2015, the Court overruled defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014, which the Court construed as a motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #96). This matter is before the Court on defendant's Motion Pursuant To Rule 59(e) (Doc. #97) filed October 23, 2015. For reasons stated below, the Court sustains defendant's motion to reconsider, reinstates defendant's motion pursuant to Rule 60(b)(6) (Doc. #91), and appoints the Office of the Federal Public Defender to represent defendant.

**Procedural Background**

On September 29, 2009, the Court sentenced defendant to 262 months in prison. Defendant did not appeal. On January 14, 2011, the Court overruled defendant's Motion For Withdrawal Of Guilty Plea (Doc. #88), which the Court construed as a motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #90).

On November 10, 2014, defendant filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the Court construed as a motion under 28 U.S.C. § 2255. Because the Court did not advise defendant before it treated his earlier motion to withdraw plea (Doc. #88) as

a Section 2255 motion, the Court evaluated his Rule 60(b) motion (Doc. #91) as his initial motion under Section 2255. See United States v. Angulo-Lopez, 575 F. App'x 827, 828 (10th Cir. 2014) (district court must consider merits of Section 2255 motion where it recharacterized original filing as Section 2255 motion).

In defendant's Rule 60(b) motion (Doc. #91), defendant argued that (1) he did not knowingly and voluntarily enter into the plea agreement because counsel did not adequately explain the impact of defendant's prior conviction for criminal threat and (2) counsel did not effectively object to the career offender enhancement under the sentencing guidelines. On September 14, 2015, the Court overruled defendant's motion. See Memorandum And Order (Doc. #96). On October 23, 2015, defendant filed a motion to reconsider. Liberally construed, defendant's motion asserts that the Court did not address his claim that in light of the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), the Court erred in enhancing his sentence under the residual clause of the career offender guideline.

## **Analysis**

Defendant asserts that the Court did not address his claim that under Johnson, it erred in enhancing his sentence under the residual clause of the career offender guideline.[1] Defendant did not directly raise a claim under Johnson because he filed his memorandum and reply in support of his Rule 60(b) motion before the Supreme Court had decided Johnson. Even so, in his reply brief filed on June 4, 2015, defendant referred to the fact that Johnson was pending and he asked this Court to hold his petition in abeyance pending the Supreme Court's ruling. See Doc. #95 at 5. On

---

[1] Defendant's motion to reconsider does not challenge the Court's rulings on his claims of ineffective assistance of counsel or the timeliness of those claims.

-2-

June 26, 2015, the Supreme Court ruled in Johnson. Defendant did not file any supplemental brief explaining how Johnson applied, if at all, to his pending motion. On September 14, 2015, the Court overruled defendant's motion. The Court did not specifically address Johnson because it construed defendant's motion as asserting only ineffective assistance of counsel claims. In addition, the Court found that defendant's claims were untimely because defendant had failed to show that he was actually innocent of the charged offense.

In light of defendant's pro se status and defendant's request in his reply brief filed in early June of 2015 to hold his petition in abeyance pending the Supreme Court's ruling in Johnson, the Court will sustain in part defendant's motion for reconsideration. In particular, the Court will construe defendant's Motion For Withdrawal Of Guilty Plea (Doc. #88), which the Court construed as a motion under 28 U.S.C. § 2255, as asserting a claim that the Court erred in enhancing his sentence under the residual clause of the career offender enhancement.[2]

The government previously asserted that defendant's motion is procedurally barred as an initial Section 2255 motion because it is untimely. See Government's Response (Doc. #94-1) filed May 14, 2015 at 4. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[3] Here, defendant's judgment

---

[2] In his Rule 60(b) motion, defendant did assert that the Court erred in applying the career offender enhancement, but he did so in the context of his assertions that he was actually innocent and that counsel was ineffective for raising certain arguments. See Motion Pursuant To Rule 60(b)(6) (Doc. #91).

[3] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental

(continued...)

became final on October 13, 2009.[4] Therefore defendant had until October 13, 2010 to file a motion to vacate under Section 2255.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In Johnson, the Supreme Court addressed the residual clause under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Here, defendant challenges the enhancement of his sentence under the residual clause of the career offender enhancement in the Sentencing Guidelines, U.S.S.G. § 4B1.1. The parties have not had an opportunity to address whether defendant's remaining claim is timely under Section 2255(f)(3) and if so, whether Johnson applies retroactively to cases on collateral review.[5]

---

[3](...continued)
action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4] If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Court entered judgment on September 29, 2009. See Judgment In A Criminal Case (Doc. #84). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later, on October 13, 2009.

[5] The government argues that defendant's claim under Johnson is precluded because
(continued...)

Defendant is indigent and the remaining legal issues are complex. Accordingly, the Court appoints the Office of the Federal Public Defender to represent defendant on his claim that under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Court erred in enhancing his sentence under the residual clause of the career offender enhancement in the Sentencing Guidelines.[6]

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Pursuant To Rule 59(e)</u> (Doc. #97) filed October 23, 2015 be and hereby is **SUSTAINED**. **The Court sustains defendant's motion to the extent that it asserts that under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Court did not consider his claim that it erred in enhancing his sentence under the residual clause of the career offender enhancement in the Sentencing Guidelines. The Court appoints the Office of the Federal Public Defender to represent defendant. On or before March 31, 2016, defendant through appointed counsel may file a supplemental brief on his claim that under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Court erred in enhancing his sentence under the residual clause of the career offender enhancement in the Sentencing Guidelines. On or before April 21, 2016, the government may file a response. On or before**

---

[5](...continued)
the Supreme Court has not held that its holding in <u>Johnson</u> is retroactive to cases on collateral review. See <u>Government's Response To James Henry's Motion Pursuant To Rule 59(e) And Request To File Response Out Of Time</u> (Doc. #104) filed January 4, 2016 at 3-4. A district or circuit court, however, can determine whether a rule is retroactive for purposes of the timeliness of initial motions under Section 2255(f)(3). See <u>Browning v. United States</u>, 241 F.3d 1262, 1264 (10th Cir. 2001) (en banc). In contrast, the exception for second or successive motions under Section 2255(h)(2) only applies if the Supreme Court itself explicitly holds that the new rule is retroactive. See <u>Bey v. United States</u>, 399 F.3d 1266, 1268 (10th Cir. 2005); see also <u>United States v. Thomas</u>, 627 F.3d 534, 536 (4th Cir. 2010) (Section 2255(f)(3) does not require that initial retroactivity question be decided only by Supreme Court).

[6] **If the Office of the FPD is unable to represent defendant for any reason, it shall notify the Court by March 4, 2016 so that the Court can appoint different counsel.**

**May 5, 2016, defendant through appointed counsel may file a reply.**

Dated this 26th day of February, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge