**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 07-20006-02-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **JAMES Z. HENRY,** | ) | **No. 15-7617-KHV** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On September 29, 2009, the Court sentenced defendant to 262 months in prison. On September 14, 2015, the Court overruled defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014, which the Court construed as defendant's initial motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #92) at 2. On February 26, 2016, the Court sustained defendant's Motion Pursuant To Rule 59(e) (Doc. #97) filed October 23, 2015, reinstated defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) so he could assert a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and appointed the Office of the Federal Public Defender to represent him. See Memorandum And Order (Doc. #106). This matter is now before the Court on defendant's reinstated Motion Pursuant To Rule 60(b)(6) (Doc. #91), which the Court construes as an initial motion under 28 U.S.C. § 2255, and the Government's Motion To Dismiss (Doc. #129) filed March 24, 2017.[1] For reasons stated below, the Court overrules defendant's Section 2255

[1] On April 28, 2017, defendant filed a Motion For Relief Pursuant To Fed. R. Civ. P. 60(b)(6) (Doc. #135). In this motion, defendant asserts additional support for the claims previously asserted in his Motion Pursuant To Rule 60(b)(6) (Doc. #91). Rule 60(b) does not apply because the Court already reinstated defendant's motion and the ineffective assistance claim in Doc. #135 is already included in the reinstated claims in Doc. #91. The Court therefore construes Doc. #135 as a supplemental memorandum in support of Doc. #91.

motion and denies a certificate of appealability.

**Factual And Procedural Background**

On February 1, 2007, the grand jury returned an indictment which charged defendant with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count 1), three counts of distribution of five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Counts 2-4) and one count of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 6). Sealed Indictment (Doc. #1-1). On May 5, 2008, defendant pled guilty the conspiracy charged in Count 1. Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #50). Bruce R. Kips represented defendant when he entered into the plea agreement and through sentencing.

The Presentence Investigation Report ("PSIR") (Doc. #81) found that defendant qualified as a career offender based, in part, on a prior criminal threat conviction under K.S.A. § 21-3419. PSIR ¶ 53; see U.S.S.G. § 4B1.1. That designation raised defendant's criminal history to category VI, with a dramatic increase in the guideline range. Id., ¶ 73. The PSIR calculated defendant's offense level as 35 and guideline range as 292 to 364 months in prison.[2] Id., ¶ 103. The government asked for an additional reduction for acceptance of responsibility, which lowered the guideline range to 262 to 327 months.

On September 29, 2009, the Court sentenced defendant to 262 months in prison. Judgment In A Criminal Case (Doc. #84). Defendant did not appeal. On September 29, 2010, defendant filed a Motion For Withdrawal Of Guilty Plea (Doc. #88) in which he alleged that counsel was ineffective

---

[2] Under the plea agreement, the government agreed not to recommend an enhancement under 21 U.S.C. § 851. PSIR ¶ 10. Such an enhancement would have resulted in a mandatory term of life in prison without release. Id., ¶ 104

because he incorrectly informed defendant that his maximum sentence would be 135 months and failed to investigate defendant's mental problems as a possible mitigating factor. Id. He also asserted that his plea was not knowing and voluntary because he relied on counsel's incorrect information as to the likely sentence. Id. On January 14, 2011, the Court overruled defendant's motion to withdraw his plea, which it construed as a motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #90).

On November 10, 2014, defendant filed a Motion Pursuant To Rule 60(b)(6) (Doc. #91). In this motion, among other things, defendant asserted ineffective assistance because counsel failed to adequately explain the impact of his prior criminal threat conviction and did not effectively object to the career offender enhancement. See id. at 16-24, 26-27. The Court construed this motion as defendant's initial motion under 28 U.S.C. § 2255 because it had not advised defendant that his motion to withdraw his plea would be construed as a Section 2255 motion. See Memorandum And Order (Doc. #92) filed April 27, 2015 at 2. The Court overruled defendant's motion because it was untimely and he failed to establish ineffective assistance for failure to object to the career offender enhancement. Memorandum And Order (Doc. #96) at 4-11.

On October 23, 2015, defendant asked the Court to reconsider its ruling because it did not address his claim under Johnson v. United States, 135 S. Ct. 2441 (2015). Motion Pursuant To Rule 59(e) (Doc. #97) at 1. In light of defendant's pro se status, the Court sustained defendant's request to reconsider his motion "to the extent that it asserts that under Johnson . . . [the Court] erred in enhancing his sentence under the residual clause of the career offender enhancement," and also appointed counsel. Memorandum And Order (Doc. #106) at 3-5. Subsequently, the Court stayed proceedings until the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017), where

the Court addressed the primary issue raised in defendant's Section 2255 motion. Order (Doc. #127) filed July 18, 2016. Following the stay, the government moved to dismiss defendant's Section 2255 motion because Beckles precluded defendant's Johnson claim. See generally Government's Motion To Dismiss (Doc. #129).

On April 28, 2017, defendant filed his Motion For Relief (Doc. #135) through appointed counsel. Defendant seeks relief because counsel's ineffective assistance resulted in the Court erroneously sentencing him as a career offender. Id. at 2, 4, 7 (claiming deficient performance for failing to effectively object to career offender status). Further, defendant concedes that his claim under Johnson "has been extinguished" by Beckles. Id. at 1 n.1.[3]

## Analysis

The government asserts that petitioner waived his right to bring a Section 2255 petition and asks the Court to enforce the waiver in his plea agreement. See Government's Supplemental Response To Defendant's Motion Pursuant To Fed. R. Civ. P. 59(e), 60(b), And Pleadings In Support, To Vacate Sentence (Docs. 91, 97, 110, 124, and 135) (Doc. #140) filed May 26, 2017 at 6-10.

### I. Waiver Of Collateral Challenges

Courts generally enforce a knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence. United States v. Chavez-Salais, 337 F.3d 1170, 1172

[3] In light of this concession and the Court's construction of defendant's Motion For Relief as a supplement to Doc. #91, the Court overrules the Government's Motion To Dismiss as moot because defendant no longer seeks relief under Johnson. The Government's Motion To Dismiss is also moot to the extent that it seeks dismissal of defendant's Motion To Amend 28 U.S.C. § 2255(f)(3), which the Court dismissed on April 11, 2017. Memorandum And Order (Doc. #132) at 1.

(10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver. The Court determines whether (1) the disputed issue falls within the scope of the waiver; (2) defendant knowingly and voluntarily waived his rights; and (3) enforcement of the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

A. Scope Of Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and in accordance with what a defendant would reasonably understand when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **13. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal

> the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement (Doc. #50), ¶ 13. The plea waiver unambiguously includes the right to collaterally attack any matter in connection with defendant's sentence through Section 2255 petition or Rule 60(b) motion. Id. Defendant attacks his sentence, asserting that counsel provided ineffective assistance by failing to object to his career criminal enhancement. Motion For Relief (Doc. #135) at 2. Accordingly, this collateral attack falls within the scope of defendant's waiver.

B. Knowing And Voluntary Nature Of The Waiver

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement, plea petition and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time, defendant affirmed that he understood the charges against him, the maximum prison term of life, the rights which he was waiving and the factual basis for his plea. See Transcript: Change Of Plea (Doc. #79) at 8. The Court also explained that until the PSIR was complete, no one could tell defendant for certain what kind of sentence he would receive under the guidelines and that the guidelines are not binding on the Court. See id. at 19-22. Further, defendant acknowledged that he understood the waiver of appeal and collateral challenges, that his plea was free and voluntary, that no one had forced or threatened him to enter it and that he was making a plea because he was in fact guilty as charged. Nothing in the record suggests that defendant unknowingly or involuntarily entered into the plea agreement or waived his post-conviction rights. In sum, the language of the plea agreement and the Rule 11 colloquy establish that defendant knowingly and voluntarily waived his rights.

C. Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Hahn, 359 F.3d at 1327. Defendant bears the burden of establishing a miscarriage of justice. Anderson, 374 F.3d at 959. To meet this burden, he must show that (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful because it suffers from an error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Hahn, 359 F.3d at 1327.

Defendant asserts that enforcing the waiver will result in a miscarriage of justice because his erroneous sentence affects the fairness, integrity or public reputation of judicial proceedings. Reply To Government's Response To Motion To Vacate (Doc. #150) filed July 26, 2017 at 6-7. Defendant bases his argument on the relationship between Hahn, 359 F.3d at 1327, where the Tenth Circuit established the grounds for non-enforcement of waivers, and Olano v. United States, 507 U.S. 725, 732-37 (1993), where the Supreme Court formulated the test to determine plain error. The four-part Olano plain-error test requires that (1) defendant did not abandon the right the error affected; (2) the error was plain; (3) the error affected defendant's substantial rights; and (4) the error "seriously affects the fairness integrity or public reputation of judicial proceedings." Id. In Hahn, the Tenth Circuit adopted the fourth part of the Olano test as a type of miscarriage of justice that justifies non-enforcement of an appellate waiver. See Hahn, 359 F.3d at 1329 (to meet fourth miscarriage of justice ground "the alleged error must satisfy the fourth prong of the Olano plain error test") (citing Olano, 507 U.S. at 732).

Defendant asserts that the Court sentenced him under the wrong guideline range because it

mistakenly sentenced him as a career offender. Reply (Doc. #150) at 7. He relies on the recent Supreme Court decision in United States v. Molina-Martinez, 136 S. Ct. 1338, 1347 (2016), which held that reliance on the incorrect sentencing guideline range can constitute plain error. See Reply (Doc. #150) at 7. He then argues that because use of the wrong guideline range can constitute plain error, it must also satisfy Hahn's miscarriage of justice test – a derivative of the plain-error test. See id.

Defendant's argument fails on multiple grounds. First, he misconstrues Molina-Martinez. In Molina-Martinez, the Supreme Court held that "reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights," i.e. such an error will satisfy the third element of the Olano test. 136 S. Ct. at 1347. As stated, Hahn adopted the fourth prong of the Olano test. See Hahn, 359 F.3d at 1329; see United States v. Gonzalez-Huerta, 403 F.3d 727, 736 (10th Cir. 2005) (distinguishing third and fourth elements of Olano). Thus, Molina-Martinez does not instruct whether the alleged sentencing error constitutes a miscarriage of justice under Hahn.

Second, defendant claims that a sentencing error caused the miscarriage of justice, but Hahn clarifies that only errors directly related to defendant's waiver can justify non-enforcement under the fourth type of miscarriage of justice. Hahn's final miscarriage of justice exception "looks to whether 'the waiver is otherwise unlawful' not to whether another aspect of the proceeding may have involved legal error." United States v. Smith, 500 F.3d 1206, 1213 (10th Cir. 2007) (emphasis in original) (citations omitted); see also United States v. Polly, 630 F.3d 991, 1002 (10th Cir. 2011) (enforcing waiver where challenged error is not waiver itself). The Tenth Circuit has reasoned that "allow[ing] alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." United States v.

Shockey, 538 F.3d 1355, 1357 (10th Cir. 2008) (quoting Smith, 500 F.3d at 1213). Accordingly, defendant's alleged sentencing error does not constitute a miscarriage of justice which justifies non-enforcement of the waiver; it is outside the scope of errors which Hahn contemplates. Thus, defendant has not carried his burden to prove a miscarriage of justice. The Court must enforce the plea agreement waiver.[4] Accordingly, the Court overrules defendant's motion.

**Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States

---

[4] Even if the Court declined to enforce defendant's waiver of his right to file collateral challenges, he fails to establish ineffective assistance. Based on the law at the time of his sentencing, counsel did not perform deficiently. See Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (per curiam) (reasonableness of counsel's conduct analyzed in context of time conduct occurred); see Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (ineffective assistance requires deficient performance and prejudice). Prior to defendant's sentencing, the Tenth and Eighth Circuits had held that criminal threat, K.S.A. § 21-3419, constituted a crime of violence. United States v. Treto-Banuelos, 165 F. App'x 668, 671 (10th Cir. 2006) (unpublished); United States v. Mulay, 77 F. App'x 455, 457-58 (10th Cir. 2003) (unpublished); United States v. Reliford, 471 F.3d 913, 917 (8th Cir. 2006).

Defendant properly notes that the Tenth Circuit decision in United States v. Zuniga-Soto, 427 F.3d 1110 (10th Cir. 2008), shifted the circuit's interpretation of "crimes of violence" before his sentencing. Motion For Relief (Doc. #135) at 3-4. However, counsel's failure to extend developing case law to new facts does not constitute deficient performance. See Bullock v. Carver, 297 F.3d 1036, 1048 (10th Cir. 2002) (unawareness of law does not prove deficient performance). In short, a potential objection challenging the criminal threat conviction's crime of violence status did not constitute a "dead-bang winner" at the time of defendant's sentencing. United States v. Kissick, 69 F.3d 1048, 1056 (10th Cir. 1995) *abrogated on other grounds by* United States v. Horey, 333F.3d 1185, 1188 (10th Cir. 2003) (counsel deficient for failing to object to career criminal enhancement when objection is "dead-bang winner").

Finally, defendant fails to establish prejudice. If counsel had objected, the government could have revoked his plea agreement, reinstating his Section 851 enhancements and mandatory life sentence. See PSIR (Doc. #81) ¶¶ 104, 131, 134 (government responding to defendant's objections to career criminal status by stating it could revoke the plea agreement).

v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014, which the Court construes as an initial motion under 28 U.S.C. § 2255, is **OVERRULED.**

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion To Dismiss (Doc. #129) filed March 24, 2017 is **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that defendant's Motion For Relief Pursuant To Fed. R. Civ. P. 60(b)(6) (Doc. #135) filed April 28, 2017 is construed as a supplemental memorandum in support of defendant's Motion Pursuant To Rule 60(b)(6) (Doc. #91) filed November 10, 2014.

Dated this 18th day of December, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge